**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 60**

Docket No. DC-1221-13-0522-W-1

**ReDale Benton-Flores,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

July 31, 2014

ReDale Benton-Flores, San Dimas, California, pro se.

Carla Eldred, DODEA-Europe, APO/AE Europe, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appellant's individual right of action (IRA) appeal for lack of jurisdiction.   For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the appeal for adjudication on the merits.

BACKGROUND

¶2    The appellant was a teacher for the Department of Defense (DOD) Dependents Schools prior to her June 1, 2012 termination during her probationary

period. Initial Appeal File (IAF), Tab 4 at 3, 5, 10-11. The appellant filed an IRA appeal containing a close-out letter from the Office of Special Counsel (OSC), which informed her of her appeal rights to the Board, and correspondence to and from OSC regarding her attempts to locate her original complaint to OSC. IAF, Tab 1. The administrative judge issued an acknowledgment order and a show cause order setting forth the requirements for establishing jurisdiction over an IRA appeal. IAF, Tabs 2, 3. The appellant thereafter submitted MSPB Form 185-1, in which she alleged that the agency committed harmful procedural error and equal employment opportunity (EEO) retaliation when it terminated her employment, and she submitted a copy of her original OSC complaint, which she received through a Freedom of Information Act request. IAF, Tabs 4, 5.

¶3 The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to demonstrate exhaustion with OSC and failed to make a nonfrivolous allegation of a protected disclosure or that such disclosure was a contributing factor in the agency's decision to terminate her employment. IAF, Tab 8, Initial Decision (ID) at 6-8. The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition for review, and the appellant has submitted a reply. PFR File, Tabs 6, 10.

## ANALYSIS

¶4 In order to secure corrective action from the Board in an IRA appeal, an appellant must first seek corrective action from OSC. *Cassidy v. Department of Justice*, 118 M.S.P.R. 74, ¶ 5 (2012). If an appellant has exhausted her administrative remedies before OSC, she can establish Board jurisdiction over an IRA appeal by nonfrivolously alleging that she made a protected disclosure and that the disclosure was a contributing factor in the agency's decision to take a personnel action. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113,

¶ 8 (2011).  Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim.  *Id*.

¶5        When reviewing the merits of an IRA appeal, the Board considers whether the appellant has established by a preponderance of the evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) that was a contributing factor in an agency's personnel action.  *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 17 (2013).  A preponderance of the evidence is "the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue."  5 C.F.R. § 1201.56(c)(2).  If the appellant is able to offer such proof, the Board must order corrective action unless the agency can establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure.  *Chavez*, 120 M.S.P.R. 285, ¶ 17.  Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established.  *Id*.

The appellant properly exhausted her remedies before OSC.

¶6        The administrative judge found that the appellant did not exhaust her remedies before OSC because the allegations contained in her MSPB Form 185-1 concerned harmful procedural error and EEO retaliation.  The administrative judge found that the appellant failed to exhaust on these issues because these allegations did not match the allegations detailed in her OSC complaint.  ID at 6-8.  On review, the appellant argues that she clearly indicated that she was relying on her OSC documents for the substance of her whistleblower allegations, which were incorporated into her appeal.  PFR File, Tab 1 at 5-7.  We agree.  An appellant may demonstrate exhaustion of her OSC remedies through her initial OSC complaint and other written correspondence to and from OSC concerning her allegations.  *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010).  The appellant clearly intended to file an IRA appeal, as evidenced by the multiple documents to and from OSC in the record.  IAF,

Tabs 1, 4, 5. Her OSC complaint details her alleged disclosures and her allegations that the agency subsequently retaliated against her by terminating her employment. IAF, Tab 5. We do not read the narrative of her MSPB Form 185-1 as limiting her appeal strictly to the harmful procedural error and EEO retaliation issues, to the exclusion of the whistleblower retaliation allegations contained in each of her other submissions.[1] The administrative judge must consider the allegations that the appellant raised throughout the entire record before deciding to dismiss an IRA appeal for lack of jurisdiction. *See Hoback v. Department of the Treasury*, 86 M.S.P.R. 425, ¶ 6 (2000).

¶7      In her complaint to OSC, the appellant alleged that she made the following disclosures to the Assistant Principal: (1) a teacher's aide was wrongly taken away from the appellant's classroom for training, IAF, Tab 5 at 8(C); (2) a speech teacher was not providing services to her students as required by their individualized education program (IEP), *id.* at 8(D); (3) staff engaged in mistreatment of students, *id.* at 8(E), 8(F), 14-15; (4) a staff member endangered students by bringing a razor into the classroom, *id.* at 8(H); (5) a staff member engaged in abusive and threatening behavior toward the appellant, *id.* at 13; (6) a staff member performed an illegal search of her students' belongings, *id.* at 8(I), 17; and (7) a staff member was spreading rumors around the school about the appellant, *id.* at 18. Thus, we find that the appellant exhausted her administrative remedy with OSC concerning these alleged disclosures.[2] *See* PFR File, Tab 1 at 14.

---

[1] The Board does not have jurisdiction over the appellant's claims of harmful procedural error and EEO retaliation in the context of an IRA appeal. *See McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 27 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012), *cert denied*, 134 S. Ct. 386 (2013).

[2] The appellant included several other allegations in her OSC complaint. We find that the appellant exhausted her administrative remedy with OSC only concerning allegations that she reported objectionable behavior or practices and was thereafter retaliated against for such reporting. Some of her allegations are simply allegations of

<u>The appellant made nonfrivolous allegations of protected disclosures.</u>

¶8        For the Board to have jurisdiction over her IRA appeal, the appellant must make a nonfrivolous allegation that she made a protected disclosure under 5 U.S.C. § 2302(b)(8). *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 6 (2013). A protected disclosure is a disclosure of information that she reasonably believes evidences a violation of any law, rule or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* (citing 5 U.S.C. § 2302(b)(8)). At the jurisdictional stage, the appellant is only burdened with making a nonfrivolous allegation that she reasonably believed that her disclosure evidenced a violation of one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Id.* The proper test for determining whether an employee had a reasonable belief that her disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.*

¶9        We find that a disinterested observer could have reasonably concluded that the appellant's disclosures (3)-(5), concerning the safety and security of teachers and students at the school, were disclosures of violations of law, rule, or regulation.[3] In October 2011, the appellant complained to the Assistant Principal that a staff member dragged a preschooler out of the reading center and to the

wrongdoing, without any indication that she reported the alleged wrongdoing. IAF, Tab 5 at 7(A), 7(B), 8(G). Other allegations are of favoritism and other prohibited personnel practices, without any corresponding allegation that she reported this behavior or that such disclosure caused the agency to retaliate against her. IAF, Tab 5 at 8(J), 8(K), 9(L)-9(Q). Thus, we find that these do not constitute allegedly protected disclosures that the appellant exhausted with OSC for purposes of establishing the Board's jurisdiction over her IRA appeal.

[3] Although the appellant did not clearly identify a specific law, rule, or regulation, she provided sufficiently detailed statements to implicate an identifiable violation of law, rule, or regulation. *See Chavez*, 120 M.S.P.R. 285, ¶ 19.

back of a classroom in "isolation," which she believed to be abusive and a violation of law. IAF, Tab 5 at 14. She complained that this same staff member also pushed and shoved a student with autism. *Id.* at 15. She also reported to the Assistant Principal an incident in which an untrained aide in a kindergarten classroom improperly physically restrained a child with autism. IAF, Tab 5 at 8(F). The appellant further reported to the Assistant Principal, on three separate occasions, that the behavior of her teacher's aide was abusive toward her and toward her students, who were preschoolers with disabilities. Specifically, on January 10, 2012, the appellant described to the Assistant Principal an incident in which the aide began yelling, violently rummaging through drawers in the classroom, and physically blocking her. IAF, Tab 5 at 8, 13; PFR File, Tab 10 at 14-15, 21.[4] On January 23, 2012, she reported that the aide placed a sharp razor on his desk in the classroom. IAF, Tab 5 at 8; PFR File, Tab 10 at 19. On January 30, 2012, she complained about the aide's rough behavior toward a preschooler while pushing the child on a swing. IAF, Tab 5 at 8; PFR File, Tab 10 at 25.

¶10     Although the appellant did not cite to a particular law, rule, or regulation, the agency's regulations clearly mandate the safety and security of staff and students in agency-run schools. *See* DOD Education Activity (DODEA) Regulation Nos. 2050.9 (Family Advocacy Program Process and Procedures for Reporting Incidents of Child Abuse and Neglect), 4700.2 (Internal Physical Security), 4800.1 (DODEA Safety Program).[5] Further, various states have adopted statutes or regulations governing the use of seclusion and restraint in

[4] We have considered the documents that the appellant has filed for the first time on review to the extent that they implicate the Board's jurisdiction and warrant an outcome different from that in the initial decision. PFR File, Tab 10; *see Atkinson v. Department of State*, 107 M.S.P.R. 136, ¶ 12 (2007).

[5] The regulations of the DODEA govern the DOD Dependent Schools. *See* DOD Directive 1342.20, § 3.

schools to ensure that students are safe and protected. *See* U.S. Department of Education, Summary Table of Seclusion and Restraint Statutes, Regulations, Policies and Guidance, by State and Territories (Washington, D.C. 2010) (available at www.ed.gov/policy/seclusion/seclusion-state-summary.html). We find that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions described above evidenced a violation of law, rule, or regulation. *See Baldwin*, 113 M.S.P.R. 469, ¶¶ 16-21 (finding the appellant's disclosures of threats of physical harm to be protected). Accordingly, we find that the appellant has nonfrivolously alleged that she reasonably believed she disclosed violations of law, rule, or regulation when she reported the threatening, abusive, or dangerous behavior of school teachers and aides.

¶11 As to the remaining disclosures that the appellant exhausted with OSC, we find that she failed to make nonfrivolous allegations that she reasonably believed that her disclosures evidenced a violation of one of the circumstances described in 5 U.S.C. § 2302(b)(8). Although she reported that a teacher's aide was taken away from her classroom for training, IAF, Tab 5 at 8(C), the appellant failed to articulate how this could constitute a protected disclosure. Further, we find the appellant's bare allegation that a speech teacher was not providing services consistent with students' IEPs, *id.* at 8(D), without any details, is insufficient to constitute a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8). We find, moreover, that the appellant did not have a reasonable belief that she was making a protected disclosure when she reported that she witnessed a teacher searching through the backpacks of her preschool-aged students or when she complained about a colleague spreading rumors about her. IAF, Tab 5 at 8(I), 17, 18.

<u>The appellant made a nonfrivolous allegation that her protected disclosures were a contributing factor in the covered personnel action.</u>

¶12    Once an appellant has made a nonfrivolous allegation that she made a protected disclosure, she must also make a nonfrivolous allegation that the disclosure was a contributing factor in the covered personnel action. *Schoenig*, 120 M.S.P.R. 318, ¶ 13.  An employee may demonstrate that a disclosure was a contributing factor in the covered personnel action through circumstantial evidence, such as the acting officials' knowledge of the disclosure and the timing of the personnel action. *Id.*  Thus, an appellant's submission of evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action, i.e., evidence sufficient to meet the knowledge-timing test, satisfies the contributing factor standard. *Id.*

¶13    The appellant alleged that she made her disclosures to the Assistant Principal most recently on January 23, 2012.  The Assistant Principal issued a letter of concern to the appellant on February 3, 2012, and, on June 1, 2012, the Assistant Principal issued a letter terminating the appellant's appointment effective June 15, 2012.  IAF, Tab 4 at 7, 10-11, Tab 5 at 18-20.  Under these circumstances, we find that the appellant made a nonfrivolous allegation, using the knowledge-timing test, that her protected disclosure was a contributing factor in the personnel action.  Therefore, the appellant has met her jurisdictional burden regarding the contributing factor requirement.  *See Rubendall v. Department of Health & Human Services*, 101 M.S.P.R. 599, ¶ 13 (2006) (a gap of less than 6 months between a disclosure and a personnel action is "sufficiently proximate" to satisfy the timing prong of the knowledge-timing test).

¶14    The appellant has shown that she exhausted her remedy with OSC, and she has made nonfrivolous allegations that she made protected disclosures and that the protected disclosures were a contributing factor in her termination.

Therefore, we find that the appellant met the jurisdictional requirements for her IRA appeal and is entitled to a hearing on the merits.

The appellant's claim may be subject to an additional evidentiary burden.

¶15        Finally, we note that the appellant's disclosures likely were made within the course of her normal duties.  Thus, another issue that the administrative judge may need to address on remand is the altered evidentiary burden for appellants who have made disclosures in the normal course of duties.  Specifically, Congress stated in the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, that disclosures made in the normal course of duties are not excluded from protection under section 2302(b)(8), which prohibits retaliation "because of" any protected disclosure.  *See* 5 U.S.C. § 2302(b)(8).  However, Congress also added the following language:

> If a disclosure is made during the normal course of duties of an employee, the disclosure shall not be excluded from subsection (b)(8) if any employee who has authority to take, direct others to take, recommend, or approve any personnel action with respect to the employee making the disclosure, took, failed to take, or threatened to take or fail to take a personnel action with respect to that employee in reprisal for the disclosure.

5 U.S.C. § 2302(f)(2) (emphasis added).  In explaining this new provision in the Act, the Senate Report stated that disclosures made in the course of one's duties are protected only if the employee also proves that the agency took the personnel action with an improper retaliatory motive.  S. Rep. No. 112–155, 5-6, reprinted in 2012 U.S.C.C.A.N. 589, 593-94.  Accordingly, when an appellant has made a protected disclosure in the normal course of her duties, the statute now requires her to prove that the personnel action taken was in retaliation for the disclosure.  On remand, the administrative judge should determine whether this additional evidentiary burden is applicable because the appellant made the disclosures during the normal course of her duties.

## <u>ORDER</u>

¶16  Accordingly, for the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Opinion and Order.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.